IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Banta Tile & Marble Co., Inc.** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-2830 |
| | : | |
| **International Union of Bricklayers** | : | |
| Defendant | : | |

_____
**Diamond, J.**                                                                November 5, 2007

## MEMORANDUM

Plaintiff, Banta Tile & Marble Co., has brought this action pursuant to the Labor Management Relations Act, seeking to vacate an arbitration award. Labor Management Relations Act, 1947, § 301, *amended by* 29 U.S.C. § 185(a). Defendant, International Union of Bricklayers, and Allied Craftworkers, Local Union No. 5, has moved to dismiss, arguing that Plaintiff's claim is time-barred. Fed. R. Civ. P. 12(b)(6). It is apparent that Defendant is correct. Accordingly, I grant the Motion to Dismiss.

I.      **FACTUAL AND PROCEDURAL HISTORY**

Banta, a Pennsylvania corporation, and Local 5, a Pennsylvania labor organization, were parties to a collective bargaining agreement that expired on April 30, 2006. On April 13, 2007, an arbitrator issued an opinion and award, resolving a grievance that Local 5 had filed concerning Banta's obligations under the agreement. Approximately seventy days later, on July 10, 2007,

Banta filed this action to vacate the award, arguing, *inter alia,* that the arbitrator had misconstrued parts of the agreement.

## II.    STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, I must accept as true the factual allegations in the complaint.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002).   "The inquiry is not whether plaintiffs will ultimately prevail on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  Rockefeller Ctr., 311 F.3d at 215. Plaintiff must allege facts sufficiently detailed to "raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 at 1964-65, 1974; see also Charles v. Lawyers Title Ins. Corp., 2007 WL 1959253 (D. N.J. July 3, 2007) (applying Twombly standard to Rule 12(c) motion); Hogue v. Palisades Collection, LLC, 494 F. Supp. 2d 1043, at 1046-47 (S.D. Iowa 2007) (Twombly standard applies to all cases, not just antitrust actions).  In setting out the facts of this case, I accepted all Plaintiff's allegations as true.

## III.    DISCUSSION

Plaintiff has brought this case pursuant to section 301 of the LMRA, which provides as follows:

2

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Labor Management Relations Act, 1947, § 301, *amended by* 29 U.S.C. § 185(a). Section 301 does not include any period of limitations. Banta argues that the three-month limitations period in the Federal Arbitration Act's (FAA) applies here. 9 U.S.C. § 12. Local 5 urges me to apply the thirty-day limitations period in the Pennsylvania statute governing actions to vacate court awards. 42 Pa. C.S.A. § 7314(b). If Local 5 is correct, the instant action -- brought seventy days after the arbitration award -- is time-barred.

A.      **The Applicable Limitations Period**

Both the Supreme Court and the Third Circuit have held that the appropriate state statute provides the period of limitations respecting suits brought under section 301 of the LMRA. See United Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 704-705 (1966), Office & Prof'l Employees Int'l Union, Local No. 471 v. Brownsville Gen. Hosp. 186 F.3d 326, 336 (3d Cir. 1999) (because section 301 contains no limitations period, the most analogous state statute of limitations should be adopted); Serv. Employees Int'l Union Local No. 36 v. Office Ctr. Servs, Inc., 670 F.2d 404, 409 (3d Cir. 1982) (actions to vacate or confirm an arbitration award under section 301 should be governed by the relevant state statute of limitations); see also, Eichleay Corp. v. Int'l Assoc. of Bridge, Structural and Ornamental Ironworkers, 944 F.2d 1047, at 1060 (3d Cir. 1991), Sheet Metal Workers' Ass'n Local 19 v. J.S. Mechanical Contractors, Inc., 973 F.

Supp. 516, 519 (E.D. Pa. 1997); Perez v. Dana Corp, 545 F.Supp. 950, 951 (E.D.Pa. 1982).

Other circuits have held similarly.  See, e.g., No. 36 v. Systemaire, Inc., 241 F.3d 972, 975 (8th Cir. 2001) (state statute of limitations governs timeliness of a challenge to an arbitration award under section 301 of the LMRA); Harry Hoffman Printing, Inc. v. Graphic Commc'n Int'l Union, Local 261, 912 F.2d 608, 612 (2d Cir. 1990) (New York arbitration law, not the FAA, supplies the appropriate limitations period for actions to vacate awards under section 301 of the LMRA); Posadas de Puerto Rico Assocs, Inc. v. Associacion de Empleados de Casino de Puerto Rico, 873 F.2d 479, 486 (1st Cir. 1989) (limitations period provided under Puerto Rican law applies to section 301 of the LMRA); San Diego County Dist. Council of Carpenters of the United Brotherhood of Carpenters & Joiners of America v. G. L. Cory, Associated Gen. Contractors of Am., San Diego Chapter, Inc., 685 F.2d 1137, 1142 (9th Cir. 1982) (California's statutory limitations period applies to section 301 of the LMRA).

Those few decisions in which courts have applied the FAA's limitations period to actions to vacate arbitration awards are inapposite.  For example, in Sheet Metal Workers International Association Local No. 33 v. Power City Plumbing & Heating, Inc., the Fourth Circuit applied the FAA three-month limitations period because West Virginia has no statute of limitations governing actions to vacate an arbitration award.  934 F.2d 557, 560 (4th Cir. 1991).  Similarly, in Occidental Chemical Corporation v. International Chemical Workers Union, the Sixth Circuit applied the FAA limitations period because the relevant Michigan statute explicitly excluded labor contracts from its purview.  853 F.2d 1310, 1315 (6th Cir. 1988).  See also Associated

Brick Mason Contractors of Greater New York, Inc. v. Harrington, 820 F.2d 31, 37.

In these circumstances, abundant controlling authority -- which Plaintiff has failed to distinguish -- requires me to apply Pennsylvania's thirty-day period of limitations.

**B. Employment Contracts**

Plaintiff next argues that despite the wealth of controlling authority I have discussed, under a 2001 Supreme Court ruling, I am obligated to apply the FAA period of limitations. See Circuit City Stores Inc. v. Adams, 532 U.S. 105 (2001). In Circuit City, an employer sought to compel arbitration under the FAA with respect to an employee's discrimination claim. The Ninth Circuit had held that because the FAA does not apply to any employment contracts, the district court was without authority to compel arbitration. Circuit City Stores, Inc. v. Adams, 194 F.3d 1070, 1071-72 (9th Cir. 1999). The Supreme Court reversed, holding that the FAA's arbitration requirements apply to all employment contracts except those covering transportation workers. Circuit City, 532 U.S. at 119.

Plaintiff contends that under Circuit City, the LMRA no longer applies to disputes respecting "employment contracts." Rather, in Plaintiff's view, the FAA alone applies. Thus, Plaintiff contends that because the collective bargaining agreement at issue in this case is an "employment contract," under Circuit City, the FAA (and its ninety-day limitations period) applies.

Plaintiff cannot support its extraordinarily broad reading of Circuit City. The holding in

5

Circuit City related only to the court's authority to compel arbitration of employee disputes; it had nothing to do with what limitations period applies in actions to vacate arbitration awards. Indeed, the Circuits have read Circuit City far more narrowly than Plaintiff.  Int'l Brotherhood of Electrical Workers Local Union No. 545 v. Hope Electrical Corp., 380 F.3d 1084, 1097 (8th Cir. 2004) (nothing in Circuit City suggests a departure from the existing application of section 301 of the LMRA); Poweragent Inc. v. Elec. Data Sys. Corp., 358 F.3d 1187, 1193 n. 1 (9th Cir. 2004); see also Aloisi v. Lockheed Martin Energy Systems, Inc., 321 F.3d 551, 556 (6th Cir. 2003) (state statutory limitations period applies in section 301 actions to vacate arbitration awards after Circuit City); Sterling China Co. v. Glass, Molders, Pottery, Plastics & Allied Workers Local No. 24, 357 F.3d 546, 552 (6th Cir. 2004) (same); Heat and Frost Insulators, Local No. 19 v. Insulation Systems, Inc., 346 F.Supp.2d 991, 996 (E.D. Wis. 2004) (same); IBEW Local No. 573 v. Steen Elec., Inc., 232 F.Supp.2d 797, 804 (N.D. Ohio 2002) (same); Truck Drivers, Oil Drivers Filling Station and Platform Workers Union, Local 705, Intern. Broth. of Teamsters, AFL-CIO v. A.D. Connor, Inc., 191 F.Supp.2d 1005, 1008 (N.D. Ill. 2002) (same).

      In these circumstances, the Third Circuit's decisions in Brownsville and Service Employees International remain viable and control here. 186 F.3d 326; 670 F.2d 404. Accordingly, I remain compelled to apply Pennsylvania's thirty-day limitations period.

**C.  Goals of the Labor Management Relations Act of 1947**

      Plaintiff argues that the FAA limitations period should apply in this case because it would be consistent with the goal of developing a body of federal common law under section 301.

6

Once again, the Third Circuit's decisions in Brownsville and Service Employees International control here, and I am obligated to follow them, Plaintiff's policy argument notwithstanding.  In any event, the Supreme Court has held that the various periods of limitations in section 301 cases is "unlikely to frustrate in any important way the achievement of any significant goal of labor policy."  United Auto Workers, 383 U.S. at 702.

Plaintiff also argues that the goal of resolving labor disputes swiftly would still be served by applying the FAA's three-month limitations period (rather than the thirty-day Pennsylvania period).  This is beside the point.  The critical question is not whether the ninety-day period would frustrate the purpose of the LMRA, but, rather, whether the thirty-day period would conflict with federal labor policies.  See, e.g., Associated Brick Mason Contractors of Greater New York, Inc, 820 F.2d at 37 (rejecting a state statute because its excessive length conflicts with a policy favoring the quick and final resolution of labor disputes).  There is nothing suggesting that Pennsylvania's thirty-day limitations period is inconsistent with federal labor policies.  See Sheet Metal Workers' Ass'n Local 19 v. J.S. Mechanical Contractors, Inc., 973 F. Supp. 516, 522 (E.D. Pa. 1997).

**D.  Pennsylvania's Statute**

Finally, Plaintiff argues that the thirty-day limitations period is inapplicable here in light of the decision in Brownsville, 186 F.3d at 336-337.  In fact, Brownsville supports the opposite conclusion.  The Brownsville Court applied Pennsylvania's six-year statute of limitations governing breach of contract suits to an action to enforce an arbitration award.  42 Pa. C.S.A. §

5527(2).  The Third Circuit explicitly distinguished the application of section 5527 in an action to enforce an arbitration award from the use of Pennsylvania's thirty-day limitations period in an action to vacate such an award.

> [T]he appropriate limitations period in an action under section 301 of the LMRA to vacate an arbitral award should be the thirty-day limitations period for actions to vacate set forth in 42 Pa. Con. Stat. Ann. § 7314(d) . . . [b]ecause the Pennsylvania vacatur statute "provides a statute of limitations that is precisely directed to vacating arbitral awards" . . .  it [is] the appropriate one to adopt as federal law. . .

Id. at 338.  Thus, contrary to Plaintiff's suggestion, Brownsville requires me to apply section 7314(b)'s thirty-day limitations period applies to this action to vacate.

### IV.    CONCLUSION

Under both Service Employees International and Brownsville, I am plainly obligated to apply Pennsylvania's thirty-day limitations period here.  Because Plaintiff commenced this action outside that period, I will grant Defendant's Motion to Dismiss.

An appropriate Order follows.

                                                      s/ Paul S. Diamond

**Paul S. Diamond, J.**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Banta Tile & Marble Co., Inc.** : | |
|     **Plaintiff** : | |
| : | |
|     v. : | NO. 07-2830 |
| : | |
| **International Union of Bricklayers** : | |
|     **Defendant** : | |

**ORDER**

AND NOW, this 5th day of November, 2007, upon consideration of Plaintiff's Complaint (Doc. No. 1), Defendant's Motion to Dismiss (Doc. Nos. 5-6), and Plaintiff's Response (Doc. Nos. 8-9), it is hereby ORDERED that Defendant's Motion to Dismiss is GRANTED.

The Clerk's Office shall close this case for statistical purposes.

AND IT IS SO ORDERED.

s/ Paul S. Diamond

**Paul S. Diamond, J.**

9